Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7955 | **DATE** | 5/21/2002 |
| **CASE TITLE** | Allen vs. Navistar International Group, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motions to sever, to dismiss or in the alternative to transfer (13-1, 30-2 and 30-1) are granted. Accordingly, plaintiffs Mason and Taylor dismissed without prejudice. Plaintiff Dean is severed. The class claims against defendant are transferred to the Southern District of Indiana.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 2 2002 | |
| | Notified counsel by telephone. | | date docketed | 62 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | MAY 2 2 2002 | |
| MPJ | courtroom deputy's initials | 02 MAY 21 PM 4: 52 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

In November 2001, plaintiffs filed a class action here alleging race discrimination in International's plant in Indianapolis. International moved to dismiss or transfer to the Southern District of Indiana. Plaintiffs filed an amended complaint adding three Illinois plaintiffs, Oliver Dean, Bobby Taylor, and Oneata Mason. International renewed its motion, asking me to dismiss or sever these plaintiffs. I grant the motion in part.

The Illinois plaintiffs have not filed their own EEOC charges. They seek to rely on the charges of other class members under the single filing rule. *Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1017-18 (7th Cir. 1988) (Under Title VII, "plaintiffs who have not timely filed a charge can rely on the timely charge of another plaintiff in a class action."). For this to apply, the nonfiling plaintiffs' claims must be similar to and within the same time frame as the conduct charged in the filing plaintiffs' charges. *Allen v. City of Chicago*, 828 F. Supp. 543, 556 (N.D. Ill. 1993). Dean's complaint that his application for employment was subject to a racist "lottery" system is similar to the allegations of another plaintiff, Whitfield, who did file an EEOC charge, and Dean's claims arose within 300 days of Whitfield's. But Mason's charges that International refused to address discrimination are only remotely like plaintiff Hawkins' claim that she was subjected to tests as conditions of employment or promotion that whites were not. Taylor's claim about discriminatory testing is not like plaintiff Ruggs' charges of (apparently) disparate impact. Mason and Taylor are dismissed without prejudice.

I sever Dean's claim under Fed. R. Civ. P. 21 ("Any claim against a party may be severed and proceeded with separately."). I may sever "certain defendants to whom venue is not proper in the transferee district in order to transfer the bulk of the litigation to a more convenient forum." *Kapetanovic v. Stephen J. Cannell Prods., Inc.*, No. 97 C 2224, 1999 WL 39541, at *3 (N.D. Ill. Jan. 21, 1999) (Andersen, J.) (citing cases). "[A] plaintiff should not be allowed to tactically prevent "the court from considering whether transfer would serve the interest of justice by including a [party], not subject to suit in the more convenient district, who was in some manner peripherally involved in the [case]." *Id.* Dean was only joined to permit the action to be pursued here.

For the Indiana plaintiffs, either venue is improper here or transfer is appropriate. Venue under Title VII is determined by statute. It is proper (1) where the unlawful employment practice is alleged to have been committed, (2) where the employment records are maintained, or (3) where the plaintiff would have worked but for the alleged unlawful practice, and (4) if none those obtain, then where the defendant has its principal office. 42 U.S.C. § 2000e-5(f)(3). The plaintiffs' only serious argument is that the violations were committed in Illinois because International's headquarters, located here, failed to stop or remedy discrimination in Indiana. But the primary acts of discrimination that headquarters ignored allegedly occurred in Indiana. Therefore, venue is not proper here, and I transfer the case under 28 U.S.C. § 1406(a), as urged by defendants.

Even if venue were proper here, I would transfer the Indiana plaintiffs under § 1404(a). Although plaintiff's choice of forum is accorded substantial weight, that factor can be outweighed by other considerations. I may take into account the convenience of the parties and witnesses and the location of the important records, and the interests of justice, *Pava v. Drom Int'l, Inc.*, 8 F. Supp. 2d 1062, 1064 (N.D. Ill 1998). The convenience of parties is a wash: Illinois is convenient for plaintiffs (they say), but inconvenient for defendants, and I may not merely shift the inconvenience from one party to another. *Fink v. Declassis*, 738 F. Supp. 1195, 1198 (N.D. Ill. 1990). The convenience of the witnesses clearly supports transfer, as the main evidence in the case will be not headquarters' policy but the acts if discrimination in Indiana that headquarters allegedly ignored. The key records are almost all located in Indiana. I see nothing in the interests of justice that points to an Illinois venue. Therefore the Indiana plaintiffs' case should be transferred to cure the defect in venue under § 1406(a) or, failing that, for the convenience of the witnesses and because of the location of the records under § 1404(a).