# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7955 | **DATE** | 3/23/2004 |
| **CASE TITLE** | Dean vs. International Truck | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting plaintiff's motion for class certification (97-1). Plaintiff's motion to set briefing schedule is granted. Accordingly, response to defendant's motion for summary judgment will be due by 4/16/04; and any reply by 4/30/04. Ruling set for 5/21/04 at 10:00 a.m. Pretrial conference set for 5/7/04 is reset for 6/22/04 at 4:30 p.m. and trial set for 5/17/04 is reset for 7/19/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 4 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 129 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 3/23/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | 2004 MAR 23 PM 4:57 Date/time received in central Clerk's Office | MPJ6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OLIVER DEAN, on behalf of himself and all African-American persons similarly situated,

  Plaintiff,

v.

INTERNATIONAL TRUCK AND ENGINE CORPORATION, f/k/a NAVISTAR INTERNATIONAL CORPORATION,

  Defendant.

No. 01 C 7955

**MEMORANDUM OPINION AND ORDER**

Plaintiff Oliver Dean sued defendant International Truck and Engine Corp. ("International"), alleging that the use of a lottery system to distribute employment applications had a disparate impact on African-American would-be applicants in violation of Title VII, 42 U.S.C. § 2000e *et seq.* The lottery system was in use from September 1997 until July 2001.[1] Mr. Dean now moves to certify a class encompassing all African-Americans who have or will seek employment with International but are denied the opportunity to do so by the lottery system. I GRANT the motion.

MAR 2 4 2004

---

[1] International says it discontinued using the lottery system at that time, but Mr. Dean says International simply has not hired since July 2001.

I.

In order to certify a class, I must determine that the four prerequisites of Fed. R. Civ. P. 23(a) are met, and that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2), or (3). The four prerequisites of Rule 23(a) are that (1) the proposed class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims of the representative parties are typical of the claims of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. With respect to Rule 23(b), Mr. Dean here proceeds under 23(b)(2), which requires that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate injunctive or declaratory relief with respect to the class as a whole. Mr. Dean bears the burden of proving that the proposed class meets all the requirements of Rule 23.

A. Numerosity

International argues that Mr. Dean cannot meet the numerosity requirement. This requirement is met when the number of potential plaintiff class members is so great as to make joinder of all plaintiffs impracticable. *See, e.g., In re: Bank One Sec. Litig./First Chicago S'holder Claims*, No. 00-C0767, 2002 WL 989454, at *3 (N.D. Ill. May 14, 2002). International kept no records of its applicants or would-be applicants. Mr. Dean therefore

2

estimates the number of potential class members, basing his estimate on numbers provided by Karl Knecht, a senior human resource manager for International. Mr. Knecht stated that during the lottery period, 167 positions subject to the lottery were filled. Mr. Knecht also estimated that prior to the lottery period, International received approximately 10 applications for each open position. Taking those two numbers, Mr. Dean estimates a total potential applicant pool of 1,670 for the lottery period. International and Mr. Dean disagree on what percentage of that pool would have been African-American, but even using International's much lower estimate, 11 percent or 183 of the potential applicants are estimated to have been African-American.[2]

This estimate consists of a sufficient number of potential class members to satisfy the numerosity requirement. The need to estimate those class members also points out the impracticability of joinder in this case. International kept no records of its applicant pool. It is unreasonable to expect that Mr. Dean would now be able to individually identify each potential class member for purposes of joinder. The numerosity requirement is met.

B. Commonality

The commonality requirement is generally satisfied by "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589,

---

[2] International moves to strike the testimony of Dr. Liesl M. Fox, offered in support of Mr. Dean's motion for class certification. That motion is DENIED.

594 (7th Cir. 1998). Here, common questions of law and fact revolve around International's use of the lottery application system, namely whether that system had a disparate impact on African-Americans who attempted to or wished to apply for employment. This is sufficient to satisfy the commonality requirement. *See Swanson v. Wabash, Inc.,* 577 F. Supp. 1308, 1323 (N.D. Ill. 1983).

International argues that Mr. Dean's deposition testimony establishes that he is really pursuing a disparate treatment claim and cannot therefore establish common questions of law and fact with the disparate impact claim put forth by the class. However, Mr. Dean's claim was and is that the lottery system used by International had a disparate impact on African-American would-be applicants. Even if his testimony somehow established a disparate treatment claim, his disparate impact claim is not undermined. The commonality requirement is met.

### C. Typicality and Adequacy

International makes a number of arguments that Mr. Dean cannot meet the typicality or adequacy of representation requirements of Rule 23(a).[3] As these arguments address both the typicality and

---

[3] While International frequently refers to Mr. Dean's "standing" in its brief, it does not appear to be challenging his Article III standing to bring suit, which requires injury, a causal link to defendant's conduct, and the ability to have the injury redressed by a favorable decision. *Sierakowski v. Ryan,* 223 F.3d 440, 442-43 (7th Cir. 2000). In any event, such a challenge would more properly be brought in a motion to dismiss or a motion for

4

adequacy requirements, I will consider these prongs together. *See Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1157 (7th Cir. 1999). To meet the typicality requirement, Mr. Dean must be a member of the class and "possess the same interest and suffer the same injury" as the class. *Gen. Telephone Co. v. Falcon*, 457 U.S. 147, 156 (1982). Mr. Dean is a member of his proposed class, an African-American who wished to seek employment with International but who could not obtain an application because of the lottery system. His interests and injury are the same as the rest of the class; he wanted to work for International but could not even apply.

International makes three arguments that Mr. Dean is not a typical and adequate representative of the proposed class. First, it argues that Mr. Dean's claims are time-barred. Second, it argues that Mr. Dean's alleged injuries are not of the same type as allegedly suffered by the proposed class members. Third, it argues that Mr. Dean's interests conflict with those of the proposed class members. International first argues that Mr. Dean's claim is time-barred, making him an inadequate representative for the class. However, this issue has already been addressed by this court. In my Minute Order of May 21, 2002, I found that Mr. Dean's claim was

---

summary judgment. I thus consider International's "standing" arguments only to the extent they impact the Rule 23 class certification inquiry. *See Scholes v. Tomlinson*, 145 F.R.D. 485, 489, 490 n.4 (N.D. Ill. 1992).

not time-barred, as he was able to "piggyback" onto another plaintiff's timely filed EEOC charge for purposes of his own claim.[4] I will not revisit this argument.

International also argues that Mr. Dean's alleged injury is not the same as the alleged injuries of the class members. As Mr. Dean has a relative working for International, he has the potential to receive an application through the lottery system. The putative class members likely do not have any friends or relatives working for International, and so would have no chance at all to receive an application for employment. Mr. Dean's claim is that he and other class members were denied an opportunity to apply for employment with International. The fact that some class members, Mr. Dean among them, may have had a better chance of getting an application than other class members because they knew someone at International, does not change the alleged disparate impact the lottery system had on African-Americans.

International finally argues that Mr. Dean's interests conflict with those of the putative class members. Mr. Dean seeks prospective injunctive relief, back pay, and other equitable relief on behalf of the class, while allegedly pursuing damages claims on his own behalf. This, however, is not Mr. Dean's choice. The Civil Rights Act of 1991 limits compensatory and punitive damages

---

[4] That other plaintiff has since been severed from Mr. Dean's case.

to cases where intentional discrimination is alleged. *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 531 (1999). In a disparate impact case, no such damages are available either to Mr. Dean as an individual or to the class as a whole.

Further, if the class is successful, only a small number of jobs will be available as part of the remedy. As Mr. Dean seeks to be hired for one of those jobs, International argues that he cannot adequately represent the class as his interests are in conflict with theirs. In any Title VII class action where jobs are sought as a remedy, the number of jobs available is likely to be smaller than the number of class members. Mr. Dean is an adequate class representative unless a conflict exists that "goes to the very subject matter of the litigation." *Wilfong v. Rent-A-Center, Inc.*, No. 00-C0680, 2001 WL 1795093, at *25 (S.D. Ill. Dec. 27, 2001). The inevitable conflict that arises when there are more class members than potential jobs is not such a conflict. Mr. Dean is a typical and adequate class representative.

D.

Mr. Dean argues that International has "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2). In addition to injunctive or declaratory relief, Mr. Dean also seeks remedies such as front pay, back pay, and jobs for

the class. Such forms of relief are equitable and do not remove this action from the bounds of Rule 23(b)(2). *Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 896 (7th Cir. 1999). Actions such as this one, challenging the discriminatory practices of employers, remain classic examples of Rule 23(b)(2) cases. *Id.* Mr. Dean meets the requirements for certification of a class under Rule 23(b)(2).

II.

Mr. Dean's motion for class certification is granted. A class is certified consisting of those persons described in Mr. Dean's motion:

> All African-Americans who sought or who will seek employment but were denied or will be denied the opportunity to receive an application for employment at International Truck and Engine Corporation's facility in Melrose Park, Illinois, and all African-Americans who would have pursued employment at the facility in Melrose Park but were deterred or who will be deterred from pursuing employment because of the operation of International's racially discriminatory lottery system.

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: March 23, 2004