# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7955 | **DATE** | 12/20/2004 |
| **CASE TITLE** | Dean vs. Navistar Intl. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Final approval hearing held. For the reasons stated on the record, the Court enters final approval order and judgment. Terminate case.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 21 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 173 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| mm | courtroom deputy's initials | 2004 DEC 20 PM 1:22 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **OLIVER DEAN, on behalf of himself and all African-American persons similarly situated,** )<br>)<br>)<br>) | |
| ) | No. 01 C 7955 |
| **Plaintiff,** ) | |
| ) | The Honorable Elaine Bucklo |
| v. ) | |
| ) | Magistrate Judge Sidney I. Schenkier |
| **INTERNATIONAL TRUCK AND ENGINE CORPORATION,** )<br>) | |
| ) | **DOCKETED** |
| **Defendant.** ) | **DEC 2 1 2004** |

### FINAL APPROVAL ORDER AND JUDGMENT

Plaintiff Oliver Dean ("Dean") has submitted for final approval a proposed settlement of this class action. The settlement is described in the Settlement Agreement, dated September 20, 2004, a copy of which was submitted to the Court on December 14, 2004.[1] Based upon its review of the Settlement Agreement, the documents filed with the Court in connection with the Final Approval Hearing and the documents filed during the litigation of this case, and for the reasons stated on the record at the Preliminary and Final Approval Hearings, the Court has determined that the settlement is fair, reasonable and adequate and should be approved. Accordingly, the Court issues this Final Approval Order and Judgment, approving the settlement and awarding attorneys' fees and costs as set forth in the Settlement Agreement.[2]

---

[1] All capitalized terms herein are used as defined in the Settlement Agreement.

[2] Pursuant to the consent of the parties, and pursuant to 28 U.S.C. § 636(c), on September 15, 2004, the case was reassigned to this Court for ruling on preliminary and final approval of all class settlement, and on plaintiffs' fee petition (doc. # 165).

1. On March 23, 2004, Judge Bucklo certified a Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Class, as described in more detail in paragraph 12 of the Settlement Agreement, consists of all African-Americans who sought, or who were deterred from seeking employment at International's facility in Melrose Park, Illinois between July 22, 1999 and September 24, 2001.

2. The settlement provides injunctive relief to the Class Members, including the abandonment of the lottery system, policies for the retention of employment applications, and policies for the announcement of open production worker positions. It also provides a monetary payment to the Class Members of $167,000.00, to be distributed among the Class Members in an amount not exceeding $100.00 per person, as described in the Settlement Agreement.

3. The settlement provides that Plaintiff Dean will receive $25,000.00 in satisfaction of his individual claims, and as an incentive payment for his services as Class Representative and throughout the administration process.

4. Class Counsel has petitioned the Court for an award of $208,000.00 in attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Defendant International Truck & Engine Company ("International") has not opposed this petition.

5. On September 24, 2004, the Court granted preliminary approval of the settlement. On December 14, 2004, the Plaintiff moved for final approval of the settlement. On December 20, 2004, the Court held a hearing ("Final Approval Hearing") to consider the fairness, reasonableness and adequacy of the proposed class settlement.

6. In its September 24 ruling, the Court found that the form and content of the Notice to the Class Members satisfied the requirements of due process, Rule 23(c)(2) and (e) of the Federal

2

Rules of Civil Procedure. The Court, after examining the papers filed by Plaintiff Dean describing the Notice process, reaffirms that finding and holds that the best notice practicable was given to the Class Members.

7. Notice of the Class Action Settlement and Final Approval Hearing was made by publication. The Notice appeared four times in the Chicago *Defender* – on October 1, October 22, November 19, and November 24. The Notice was also posted at the following locations: (a) the Chicago Urban League Employment Counseling Center, located at 225 South State Street in Chicago's Loop; (b) the Jewel Foods store located at 800 W. North Avenue in Melrose Park; (c) the Illinois Department of Employment Security Office located at 35 South 19th Avenue in Maywood; (d) the Maywood Public Library, located at 121 S. Fifth Avenue in Maywood; and (e) Village Hall, Village of Bellwood, located at 3200 Washington Blvd. in Bellwood.

8. The Court again reviewed the content of the Notice and concludes, as it did in its September 24 ruling, that the Notice was reasonably calculated to inform the Class Members about the pending lawsuit, to provide them with a definition of the Class, to list the claims and issues for which the Class was certified, and to inform Class Members of the general terms of the settlement, their right to opt out, their right to an attorney, and their right to be heard at the Final Approval Hearing. *See* Manual for Complex Litigation (Fourth), § 21.311 (2004).

9. Under Rule 23, the Court must determine whether a settlement can be considered "fair, reasonable and adequate." In making this determination, it must consider (1) the strength of the plaintiff's case on the merits relative to the terms of any settlement; (2) the complexity, length and expense of continued litigation; (3) the amount of opposition to the settlement; (4) the presence

of collusion in reaching a settlement; and (5) the stage of proceedings and the amount of discovery completed.

10. **Strength of Plaintiff's Case.** At the Preliminary Approval Hearing, the Court found that the settlement was fair, reasonable and adequate when weighed against the strengths of the Plaintiff's case. After review of the documents filed by the parties during litigation, and on review of the Plaintiff's submissions in connection with the Final Approval Hearing, the Court finds that there is still a substantial risk and uncertainty as to whether the Plaintiff would prevail at trial. Although Plaintiff has successfully prevented the disqualification of his expert witness, and has successfully avoided summary judgment, Judge Bucklo, who would preside over the bench trial if it were to be held, has identified the case as a "close" one. The settlement eliminates a substantial risk that each Class Member would walk away empty handed after the conclusion of the trial, or, as is very likely, after the conclusion of a lengthy appeal. Even if the Class Members ultimately prevailed, it could be years before they received any relief.

Moreover, the settlement provides the Class Members, including the future applicants, with substantial injunctive relief; in some respects, that relief exceeds the relief that the class would have been able to obtain if victorious at trial.

11. **Likelihood of Continued Litigation.** The Court found earlier, and so finds today, that the parties would invest considerable time and expense if the litigation were to continue. Both parties have retained experts to present their case in what promises to be a hotly contested bench trial, and would thus continue to incur substantial expense in connection with this litigation. Because the case is close, there is a substantial likelihood that the party who loses at trial will appeal, thereby prolonging the litigation even further.

4

12. **Lack of Opposition to the Settlement.** No Class Member has objected to the settlement, and no Class Member has opted out of the settlement. This indicates a general approval of the settlement on the part of the Class.

13. **Absence of Fraud or Collusion.** The Court was actively involved in the mediation of this matter. It is therefore familiar with the parties, the litigation and the settlement negotiations. There has been no fraud or collusion between the parties. The terms of the Settlement themselves also make it clear that the process by which the settlement was achieved was fair. There is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel. Both parties vigorously advocated their positions throughout the litigation and settlement negotiations.

14. **Late Stage of the Proceedings.** This case was settled after nearly three years of discovery and litigation. Mediation was ordered by Judge Bucklo only after a motion to disqualify Plaintiff's expert, a motion for class certification and a motion for summary judgment were ruled on. The parties had already completed the pre-trial order, motions *in limine* were pending, and trial was imminent. The facts demonstrate that the Plaintiff and Class Counsel were well informed about the case, and were in a good position to negotiate, execute and recommend approval of the Settlement Agreement.

15. The terms of the Settlement Agreement, including all exhibits thereto, are fully and finally approved as fair, reasonable, and adequate and as being in the best interests of the Plaintiff and the Class Members. The Court hereby orders International to distribute the monetary payments to the Plaintiff and the Class Members in accordance with the provisions of the Settlement Agreement.

16. The Court has reviewed the Plaintiff's request for the award of reasonable attorneys' fees and costs and finds the request to be reasonable and fair. The Court hereby orders that International issue a check in the total amount of $208,000.00 payable to Robinson, Curley & Clayton, P.C. within fourteen (14) days after the Effective Date.

17. The Settlement Agreement is hereby approved. Without limiting any term of the Settlement Agreement, the Final Approval Order and Judgment, including all documents referenced herein, shall be forever binding upon the Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors and assigns. Regardless of whether or the extent to which Class Members may make claims under the settlement, this Final Approval Order and Judgment releases International from any and all liability relating to the Settled Claims, as set forth in the Settlement Agreement.

18. The Court retains jurisdiction to enforce the provisions of the Settlement Agreement filed herein and this Final Approval Order and Judgment.

DONE and ORDERED on this the 20th day of December, 2004.

**ENTER:**

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**